

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHARLES CLARY,<br><br>Petitioner,<br><br>vs.<br><br>DOUGLAS FENDER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 15–111–GF–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on May 20, 2016, recommending dismissal of Petitioner Charles Clary's ("Clary") application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Clary timely filed an objection and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left

with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

In his objection, Clary argues that the Findings and Recommendations deliberately misconstrued his response (Doc. 5)[1] to Judge Johnston's Show Cause Order (Doc. 4), in order to avoid the claim of judicial bias and the resulting constitutional violations. Though hard to follow, Clary apparently maintains that Judge Julie Macek was biased as a result of her granting a motion for leave to file an information and then subsequently presiding over his criminal trial. As such, Clary maintains this his constitutional rights were violated and his conviction should be overturned because his defense attorney failed to challenge this alleged bias. These objections, however, fail to sufficiently challenge Judge Johnston's ultimate finding that Clary has failed to establish cause to overcome his procedural default.

As explained by Judge Johnston's Show Cause Order, because the claims raised in Clary's habeas petition were not fairly presented in state court, he is now required to show cause why his petition should not be dismissed. *Martinez v.*

---

[1] Clary's response to the Show Cause Order was captioned "MOTION TO SHOW CAUSE AND PREJUDICE OF ADJUDICATOR." (Doc. 5 at 1.) As a result of this caption, the response was erroneously docketed as a motion. Because this document is a response and not a motion, the Court will deny this "motion" as moot.

*Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."). His response and his objections fail to do so.

Clary maintains that Judge Macek was biased and his defense attorney should have moved to disqualify her. The problem with this argument, however, is that Clary knowingly waived his right to counsel and represented himself pro se during the trial. *Montana v. Clary*, 270 P.3d 88, 94 (2012). Nonetheless, even if this argument could have been raised by Clary's direct appeal and postconviction attorneys, the Court finds that it lacks merit. *Ayers v. Kirkegard*, CV 14-110-BLG-DLC, 2015 WL 268870, at *2 (D. Mont. Jan. 21, 2015) (granting a motion to file an information "does not make a judge part of the accusatory process any more than issuing a search warrant makes a judge part of the investigative process"). Clary's argument thus fails to establish cause to excuse the procedural default.

Accordingly, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 7) are ADOPTED IN FULL.

(2) Clary's petition (Doc. 1) is DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

(3) Clary's Motion for Order to Show Cause (Doc. 5) is DENIED AS MOOT.

(4) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(5) A certificate of appealability is DENIED.

DATED this 5th day of August, 2016.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court